UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-0275 DDP (AS) | Date | December 10, 2015 |
|---|---|---|---|
| Title | Jose Juarez v. Ramon Delgado | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| N/A | | N/A |

**Proceedings:**   (IN CHAMBERS) ORDER TO SHOW CAUSE

In the pending civil rights action, Plaintiff has sued Ramon Delgado, a licensed vocational nurse at Ironwood State Prison ("ISP"), alleging, inter alia, that Delgado was deliberately indifferent to Plaintiff's serious medical needs when Delgado denied Plaintiff pain medication prescribed to him by a qualified physician. (FAC at 2, 4, 8-12).

Plaintiff and Delgado have each moved for summary judgment. (See Docket Nos. 95-96, 98). Plaintiff has also filed an Opposition to Delgado's summary judgment motion with attached exhibits. (Docket Nos. 104).

The Court has reviewed the exhibits attached to Plaintiff's Opposition and several of the documents Plaintiff presents appear to have been fabricated. In particular, to counter evidence supporting Delgado's summary judgment motion, Plaintiff has submitted a document he claims is a lumbar spine MRI purportedly obtained at Alvarado Hospital in San Diego on August 11, 1995. (See Opposition, Exh. E at 72).[1] However, this document seems forged. First, the document is rife with spelling mistakes. It is highly unlikely than an actual MRI report would misspell words such as hospital (repeatedly misspelled as "Haspital") and radiology (misspelled as "radiologe"). Second, unlike any medical report the Court has ever seen, Plaintiff's MRI report is printed on pleading paper, and it uses the same font as Plaintiff's Opposition to Delgado's summary judgment motion. Third, the provided address is not the address for Alvarado Hospital, where the MRI was purportedly obtained, but is instead the address of a San Diego strip mall. (See http://www.alvaradohospital.com and http://www.google.com/maps (both of which were last visited on December 10, 2015)). Fourth, the relevant California Medical Board database does not include any physician named Raul Ochoa, M.D., who purportedly was the radiologist who interpreted the MRI. (See http://www.mbc.ca.gov/Breeze/License_Verification.aspx (last visited on December 10, 2015)).

---

[1] When referring to documents filed in this action, the Court uses the pagination provided by the electronic docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-0275 DDP (AS) | Date | December 10, 2015 |
|---|---|---|---|
| Title | Jose Juarez v. Ramon Delgado | | |

Nor is this the only dubious document Plaintiff presents. Rather, Plaintiff has also presented a purported x-ray report, dated March 28, 1991, which also appears to be fake. (See Opposition, Exh. G at 82). That is, the document contains numerous spelling mistakes (e.g., "Haspital," "appaerance," "adnormalities," etc.) , is written on pleading paper in the same font as Plaintiff's Opposition, and uses the same strip mall address as the suspicious MRI. (Id.). Moreover, while the x-ray was purportedly signed by Lac Vu, M.D., the only physician with that name on the California Medical Board database did not receive a medical license until 1995.[2] (See http://www.mbc.ca.gov/Breeze/License_Verification.aspx (last visited on December 10, 2015)). Plaintiff has relied on the dubious MRI and x-ray in opposing Delgado's summary judgment motion. (See Opposition at 23 (Plaintiff's "Affidavid" [sic] signed under penalty of perjury)).

Additionally, Plaintiff appears to have altered an Interdisciplinary Progress Note from ISP. (See Opposition, Exh. J at 96). The alteration is dated January 31, 2010, and is a handwritten note purportedly signed by S. Morgan, who was a nurse practitioner at ISP,[3] which states:

> Mr Juarez are here today in regards of the insident of 12-29-2010. He states the he did not play with his medication "morphin sulfate" and that LVN Delgado are not saiying the true. The he are abusing his position he states that, the results of his urinalices come back the he are taking his medication properly like he suppostoo He states the Doctor lind re-order his medication which are on the record of 1/5/2011.

(Id. (errors in original)). However, a review of the note demonstrates that it is nothing like other writings Nurse Practitioner Morgan signed (see, e.g., Docket No. 98, Exh. A at 2, 13), but instead appears to be in handwriting remarkably similar to Plaintiff's with the same spelling errors, such as Plaintiff's difficulty correctly spelling morphine.[4] (See, e.g., Docket No. 108 at 9).

"By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or

---

[2] While the MRI is addressed to Lac Vu, M.D., and purportedly signed by Raul Ochoa, M.D., the x-ray is addressed to Raul Ochoa, M.D., and purportedly signed by Lac Vu, M.D. (See Opposition, Exh E at 72, Exh. G at 82).

[3] According to J. Michael Lee, M.D., the Chief Medical Executive at ISP, Morgan is now deceased. (See Declaration of Dr. Michael Lee in Support of Motion for Summary Judgment at ¶¶ 4, 6).

[4] Certainly, Nurse Practitioner Morgan had no difficulty spelling morphine. (See, e.g., Docket No. 98, Exh. A at 2, 13).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-0275 DDP (AS) | Date | December 10, 2015 |
|---|---|---|---|
| Title | Jose Juarez v. Ramon Delgado | | |

needlessly increase the cost of litigation" and "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Fed. R. Civ. P. 11(b). "Dismissal is an appropriate sanction for falsifying a [document]. [Rule 11], as well as the court's inherent powers, can be called upon to redress such mendacity." Combs v. Rockwell Int'l Corp., 927 F.2d 486, 488 (9th Cir. 1991); see also Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006) ("Dismissal is an available sanction when 'a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings' because 'courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice.'" (citation omitted)).

Given the significant evidence strongly suggesting that Plaintiff has presented false evidence to the Court, Plaintiff is ORDERED TO SHOW CAUSE, within **twenty-one (21) days** of the date of this Order, why he has not violated Fed. R. Civ. P. 11(b) and why the Court should not dismiss this action with prejudice and refer the matter to the United States Attorney for criminal prosecution.

**Plaintiff is admonished that his failure to satisfactorily respond to this Order will result in a recommendation that this action be dismissed with prejudice for failure to comply with the Court's Orders.  See Fed. R. Civ. P. 41(b).**

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | AF | |